MURDOCK, Judge,
concurring in part and dissenting in part.
I concur with the majority’s opinion except insofar as it upholds the circuit court’s order requiring, in essence, immediate payment by the sureties of a monetary judgment of $746,740. I see no legal basis for the trial court to have gone any further than simply upholding the relief ordered by the Alabama Surface Mining Commission.
The Alabama Surface Mining Act, § 9-16-1 et seq., Ala.Code 1975, provides, in relevant part, as follows, with respect to revocation of an operator’s permit because of violations such as those found by the Commission:
“If the [Commission’s] hearing officer revokes the permit, the permittee shall immediately cease surface coal mining operations on the permit area and shall complete reclamation within a period specified by the hearing officer or the hearing officer shall declare as forfeited the performance bonds for the operation.”
Ala.Code 1975, § 9-16-93(d).
Rule 880-X-9E-.02(3), Ala. Admin. Code, one of the regulations promulgated pursuant to the Alabama Surface Mining Act, provides that the Commission “may allow the surety to complete the reclamation” if the surety can demonstrate the ability to do so. Rule 880-X-9E-.04(l)(c), Ala. Admin. Code, provides:
“A bond shall be forfeited, if the State Regulatory Agency finds that—
[[Image here]]
“(c) The permit for the area under the bond has been revoked, unless the operator or surety assumes liability for completion of the reclamation work and is, in the opinion of the State Regulatory Authority, diligently and satisfactorily performing such work.”
Consistent with the applicable law and regulations, the Commission issued orders to show cause that provided, in pertinent part:
“That in the event APEX COAL CORPORATION fails to show cause why the permit should not be suspended or revoked and the performance bond(s) forfeited, the surety company shall make payment to the Commission ... within thirty (30) days or submit a detailed reclamation timetable outlining the immediate steps for reclamation of the area, subject to approval by the Commission and the Funds shall be transferred into the Alabama Surface Mining Fund and designated for reclamation of the areas.”
*178 (Emphasis added.) On administrative appeal, the Commission’s Division of Hearings and Appeals also gave the sureties the right to submit a reclamation plan in lieu of forfeiture of moneys under the bonds, by ordering as follows:
“[T]he surety company shall make payment to the Commission within 30 days or submit a detailed reclamation timetable outlining the immediate steps for reclamation of the area subject to the approval of the Commission.”
(Emphasis added.) This latter order became the final order of the Commission when it denied the sureties’ petition for further review (Ala.Code 1975, § 9 — 16— 79(3)a.), and it is the order from which appeals were taken to the circuit court (Ala.Code 1975, § 9-16-79(4)b.).
The appeals to the circuit court were taken by Apex and the sureties. On appeal, the issue before the circuit court was whether the final order of the Commission was “reasonable” and “lawful.” Ala.Code 1975, § 9-16-79(6). If not, or if the trial court determined that the clear preponderance of the evidence supported a different result, the cases were to be “remanded to the regulatory authority for further proceedings.” Id.
The trial court obviously found, and I agree, that the final order of the Commission was reasonable and lawful, and supported by the evidence. Indeed, the trial court expressly ordered that the Commission’s administrative orders were “affirmed.”
In affirming the administrative orders, however, the trial court described them as simply “orders declaring forfeit the several Clarendon reclamation bonds.” As discussed, the administrative orders in question actually required the sureties either to forfeit a monetary payment under the bonds or to immediately pursue reclamation plans. Perhaps as a result of the trial court’s abbreviated description of the relief that had been included in the administrative orders, it proceeded to restrict the relief in its own summary-judgment order to only the payment of monetary proceeds under the bonds.
There was no cross-appeal to the circuit court by either of the appellees as to that portion of the Commission’s order giving the sureties the option of filing a reclamation plan rather than making an immediate monetary payment under the bonds. Even had such a cross-appeal been filed, I see no basis in the law or the record for concluding that the Commission’s final order allowing the sureties the option of reclamation was unreasonable or unlawful, or that the clear preponderance of the evidence required • a different result. Thus, to the extent the trial court denied the sureties the option of pursuing reclamation, it erred.
The Commission urges this court to uphold the trial court’s summary judgment against the sureties on the ground that the sureties allegedly “waived” the option of reclaiming the property. According to the Commission, the sureties committed this waiver when they refused to commence reclamation of the properties after the Commission had issued its initial show-eause orders.[1]
In its discussion of this issue, the majority characterizes the initial show-cause or *179 ders as giving the sureties “a choice” of either paying the moneys due under the bonds or submitting a reclamation plan. The majority then states that “the sureties did not comply with the show cause orders” and that the Commission therefore declared the bonds “forfeited.”
In one sense, the majority is right when it states that the sureties did not comply with the show-cause orders. Instead, they did what they had every right to do: they “appealed” the show-cause orders to the Commission’s Division of Hearings and Appeals. Ala.Code 1975, § 9-16-79(1). In actuality, however, the very show-cause orders with which the sureties allegedly did not “comply” included a notice that the sureties had “the right to request a hearing before the Division of Hearings and Appeals of the Alabama Surface Mining Commission on all matters contained herein.” It cannot fairly be said that the sureties did not comply with the show-cause orders, when they “appealed” those orders, as they had a right to do, under the statute and under the orders themselves.
Furthermore, after considering the appeals of the sureties, the Commission, acting through its Division of Hearings and Appeals, merely reaffirmed the same alternative relief described in the show-cause orders. The Commission did not draw any conclusion that Apex had waived the option of reclaiming the property; nor did it order the bonds “forfeited” in the sense of requiring an immediate monetary payment. To the contrary, the Commission’s final orders employed the exact same language as the show-cause orders, providing merely that
“the surety company shall make payment to the Commission within 30 days or submit a detailed reclamation timetable outlining the immediate steps for reclamation of the area subject to the approval of the Commission.”
(Emphasis added.)
The majority concludes that, following the issuance of the Commission’s final orders, the sureties “waived” any option of reclaiming the property by not beginning reclamation during the pendency of the appeals of those orders. It is the Commission’s administrative orders, however, that imposed upon the sureties the obligation to engage in such reclamation. It is the Commission’s final administrative orders, and their precursors (the show-cause orders), from which the sureties have consistently and timely appealed, hoping to relieve themselves of such obligation. The sureties had the right to appeal to the circuit court from the Commission’s final administrative orders. Ala.Code 1975, § 9-16-79(4). To hold that a party commits waiver by not fulfilling an obligation imposed on that party by an order from which it has taken a timely and lawful appeal effectively would negate the right to appeal from that order. I therefore see no waiver.[2]
Accordingly, I would reverse the trial court’s summary judgment to the extent it went beyond the relief set out in the final orders of the Commission, and would remand the cases for the trial court to amend its summary judgment in a manner consistent with this special opinion.

. I find no record of this argument having been made to the trial court, nor any mention of it in the trial court's order. Nor does the Commission cite any authority for the proposition that failure to perform one of two alternative actions required by an administrative order during the pendency of an appeal from that very order constitutes a waiver of the right to satisfy that order by performing such action in the event the appeal is unsuccessful. See generally Rule 28, Ala. R.App. P.

. If any waiver occurred, it was on the part of the Commission in not pursuing enforcement of its orders during the pendency of the sureties' appeals, since there was no supersedeas.